IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BEN HANNA and DONNA HANNA** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-00346-L** |
| | § | |
| **RFC DEUTSCHE BANK** | § | |
| **NATIONAL TRUST COMPANY, as** | § | |
| **Trustee, f/k/a BANKERS TRUST** | § | |
| **COMPANY, LLC, Attorney in Fact,** | § | |
| **and GMAC MORTGAGE** | § | |
| **COMPANY, LLC/ALLY** | § | |
| **FINANCIAL, INC., f/k/a GMAC** | § | |
| **MORTGAGE CORPORATION,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Remand to State Court, filed March 21, 2011. After careful consideration of the motion, briefs, response, record, and applicable law, the court **denies** Plaintiffs' Motion for Remand to State Court.

## I. Factual and Procedural Background

This civil action was originally filed in the County Court at Law Number One of Dallas County, Texas on November 12, 2010. Plaintiffs Ben and Donna Hanna (collectively, "Plaintiffs") brought claims against RFC Deutsche Bank National Trust Company as Trustee, f/k/a Bankers Trust Company, LLC, Attorney in Fact ("Deutsche Bank") and GMAC Mortgage Company, LLC/ALLY Financial, Inc., f/k/a GMAC Mortgage Corporation ("GMAC") (collectively, "Defendants"). Plaintiffs brought claims for breach of contract and violations of the Texas Deceptive Trade

**Memorandum Opinion and Order – Page 1**

Practices Act ("DTPA"), and sought a temporary restraining order to enjoin, restrain, and set aside the foreclosure. Plaintiffs also seek attorney's fees and costs.

On February 21, 2011, Defendants removed this action to federal court on the bases that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

This action results from a foreclosure on property (the "Property") located at 1900 Covey Court, Irving, Texas. The Property served as security for a mortgage loan taken out by Plaintiffs. While GMAC considered a modification of Plaintiffs' loan agreement, the Property was sold at a foreclosure sale by a substitute trustee on September 7, 2010. Plaintiffs contend that they did not receive notice that the Lender was not going to approve the modification and did not receive notice of the sale until September 13, 2010. Plaintiffs argue that they were not in breach of any covenant or in default of any obligation owed to Defendants and that all payments on the mortgage loan at the time of the foreclosure sale were current.

In their Motion for Remand, Plaintiffs seek remand to state court because the amount in controversy does not exceed $75,000, exclusive of costs and interest. Plaintiffs further contend that removal was procedurally defective because both Defendants did not join in the Notice of Removal. Plaintiffs seek remand of this action to the County Court at Law No. 1 of Dallas County, Texas.

## II.     Rule 12(b)(1) - Subject Matter Jurisdiction

### A.  The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship

exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.), *cert. denied*, 534 U.S. 1127 (2002); *see also Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

## B. "Amount in Controversy"

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the Plaintiffs' pleadings, so long as the Plaintiffs' claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a

plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III. Analysis

### A. Amount in Controversy

Plaintiffs contend that the amount in controversy does not exceed $75,000. Specifically, Plaintiffs argue that neither the original purchase value of the Property, $85,650, nor the proceeds from the foreclosure sale, $77,357.32, reflects the amount in controversy. Rather, they argue that the amount in controversy should be measured by the amount that Plaintiffs owed at the time of foreclosure.

An examination of Plaintiffs' pleadings clearly indicates that the Hannas seek a determination as to whom is the rightful titleholder of the Property. Specifically, they seek an order setting aside the foreclosure sale, in effect rescinding the foreclosure, and a declaration that Defendants are not entitled to enforce the legal obligation of the Deed of Trust. In addition, they allege breach of contract and violations of the DTPA, and seek attorney's fees. As Plaintiffs request a rescission of the foreclosure and determination that they are the rightful titleholders to the

Property, the value of the Property is to be used in determining the amount in controversy, rather than the damages that might be suffered. *Waller v. Professional Ins. Corp.,* 296 F.2d 545, 547-48 (5th Cir.1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.").

The record establishes that the value of the Property is over $75,000, exclusive of costs and interest. The value of the original note and deed of trust by Plaintiffs was $85,650. Further, the amount of money received by Defendants at the foreclosure sale was $77,357.32. Additionally, Plaintiffs seek damages for breach of contract and violations of the DTPA, and seek attorney's fees, all of which may be included as part of the amount in controversy. Even if the court did not account for the value of the Property, and instead used Plaintiffs' assertion that the amount they owed on the Property must be included, it is still more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interests. The court accordingly determines that the amount in controversy requirement is clearly met.

### B.      Procedural Defects

Plaintiffs further contend that removal was procedurally defective because both Defendants did not sign the Notice of Removal. Plaintiffs argue that Deutsche Bank did not sign the Notice of Removal and only consented to the removal. They contend that all Defendants must "sign or join in the Notice of Removal by filing some type of separate written consent." Pls.' Mot. 2.

Defendants respond that both Deutsche Bank and GMAC collectively consented to and joined in the removal. They contend that the Notice of Removal specifically names both Defendants, that they "g[a]ve notice of the removal of this action," and that both Defendants consented and joined throughout the Notice. Defs.' Resp. 2. In addition, the prayer for relief states

that "*Defendants* pray that the Court will take jurisdiction of this action." *Id.* (emphasis added). Finally, Defendants note that the Notice of Removal was filed properly and signed by counsel representing both Deutsche Bank and GMAC. The court agrees that the removal was not procedurally defective.

Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty days" after service of the citation. To comply with 28 U.S.C. § 1446(a), "all served defendants must join in the removal petition prior to the expiration of the removal period." *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir.2002) (citation omitted). Further, when a civil action has multiple defendants, all "defendants must act collectively to remove the case"; failure to do so causes the petition to be defective. *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir.1992) (citation omitted). Defendants who remain unserved when the removal petition is filed need not join it. *Getty Oil v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir.1988).

When Defendants have joint representation, and "both entities [are] aware of and consented to [the] representation, including the decision to remove," they have sufficiently joined in the removal petition. *Griffin v. ABN Amro Mortg. Grp. Inc.*, 378 Fed. Appx. 437, 439 (5th Cir. 2010). Consent to removal does not require each defendant to sign the original petition for removal, rather "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty*, 841 F.2d at 1262 n.11.

A review of the record establishes that both Defendants joined in and consented to the removal notice. It is sufficient that both Deutsche Bank and GMAC authorized their counsel to represent them. Defendants' counsel, acting on their behalf, filed the Notice of Removal on

February 21, 2011, within the requisite thirty-day period. As the signing counsel acted formally on Defendants' behalf, counsel had the authority to consent to the Notice of Removal. Accordingly, the court determines that Deutsche Bank properly consented to and joined in the Notice of Removal, and, therefore, the removal was not procedurally defective.

## IV. Conclusion

For the reasons herein stated, the court determines that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000. Accordingly, the court has subject matter jurisdiction over this action. Further, the removal was not procedurally defective. As the court has subject matter jurisdiction over this action and no procedural defects to removal exist, the court **denies** Plaintiffs' Motion for Removal to State Court.

**It is so ordered** this 22nd day of July, 2011.

Sam A. Lindsay
United States District Judge