IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEN HANNA and DONNA HANNA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| RFC DEUTSCHE BANK NATIONAL ) | |
| TRUST COMPANY, as Trustee, f/k/a ) | |
| BANKERS TRUST COMPANY, as ) | Civil Action No. 3:11-CV-00346-BF |
| Trustee, by RESIDENTIAL FUNDING ) | |
| COMPANY, LLC, Attorney in Fact, and ) | |
| GMAC MORTGAGE COMPANY, ) | |
| LLC/ALLY FINANCIAL, INC., f/k/a ) | |
| GMAC MORTGAGE CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This is a consent case before the United States Magistrate Judge. Defendants' Motion for Summary Judgment ("Motion," doc. 42), is before the Court for consideration. The Court has considered the summary judgment record, the Motion, Response, and Reply. The Court hereby **GRANTS** the Motion, finding that Defendants are entitled to judgment as a matter of law.

**Preliminary Matter-Evidentiary Objections**

Plaintiffs make a number of evidentiary objections. Plaintiffs contend the declaration of Roberto Montoya was "not sworn to and [did] not contain the proper jurat indicating that said testimony of said witness is sworn to." (Pls' Resp., 2.) Mr. Montoya's declaration very clearly provides that "[p]ursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." 28 U.S. § 1746 allows "unsworn declarations under the penalty of perjury" and Fed. R. Civ. P. 56(c)(4) allows "[a]n affidavit or declaration." *See Noack v. YMCA of Greater Houston Area*, 418 Fed. Appx. 347,

353 (5th Cir. 2011) ("Unnotorized affidavits are admissible when the veracity of the statement is sworn to under penalty of perjury"). Plaintiffs' evidentiary objection to Mr. Montoya's declaration is overruled.

Plaintiffs argue that numerous documents referenced in Defendants' motion were not actually attached exhibits. However, they are included in Defendants' summary judgment appendix. Accordingly, Plaintiffs' objection is overruled.

Plaintiffs argue that some of Defendants' summary judgment exhibits are improper because they "were not produced." Defendants point out that Plaintiffs never served a single discovery request on Defendants nor attempted to obtain Defendants' Rule 26 initial disclosure documents. Defendants contend they made the Rule 26 disclosures available and offered to send a copy by mail, without a response to the offer. Plaintiffs' objections are overruled.

Defendants object to portions of Plaintiff Donna Hanna's affidavit as legal opinions and unsupported, conclusory statements.[1] FED. R. CIV. P. 56(c)(4) provides that an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. The Court will not consider improper and conclusory portions of any affidavit. *See Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991). Rather, this Court considers summary judgment evidence in accordance with the procedures set out in FED. R. CIV. P. 56 (c).

---

[1] Examples in Ms. Hanna's affidavit of summary judgment evidence the Court need not consider include statements that: "GMAC's bookkeeping procedures are extremely flawed; "HAMP guidelines forbid foreclosure by the Federal Government,""GMAC has wrongfully foreclosed on our property;" and "GMAC has breached their contract."

## UNDISPUTED FACTS

1. Plaintiffs signed a promissory note (the "Note") in May 2001 in the amount of $86,650.00 (the "Loan"). (Second Am. Pet., ¶ 6; Decl. of Roberto Montoya, App. 3-5; Note, App. 6-9).

2. The Loan was secured by a Deed of Trust, which encumbered the property located at 1900 Covey Court, Irving, Texas 75060 (the "Property"). (Second Am. Pet., ¶ 6; Deed of Trust, App. 10-23).

3. Plaintiffs thereafter defaulted on the Loan by failing to pay the required monthly payments. (Montoya Decl., App. 3-5).

4. On June 2, 2010, a notice of default (the "Notice of Default") was sent to Plaintiffs. (Montoya Decl., App. 3-5; Notice of Default, App. 24-26). Plaintiffs were notified they were delinquent by $2,702.24 at the time. (*Id*.)

5. On July 26, 2010, a Notice of Acceleration/Notice of Substitute Trustee's sale (the "Notice of Acceleration/Notice of Substitute Trustee's Sale") was sent to Plaintiffs. (Montoya Decl., App. 3-5). The notice declared all unpaid principal and accrued interest on the Note, in the amount of $88,522.91, due and payable. (Notice of Acceleration/Notice of Substitute Trustee's Sale, App. 27-33). Additionally, Plaintiffs were notified that the foreclosure sale would take place on September 7, 2010. (*Id*.).

6. On September 7, 2010, the Property was sold at a foreclosure sale. (Second Am. Pet., ¶ 7; Substitute Trustee's Deed, App. 34-37).

7. Plaintiffs then filed this action against the Defendants asserting claims for breach of contract, wrongful foreclosure, and alleged violations of the Texas Deceptive Trade Practices Act ("DTPA"), as well as requesting equitable and injunctive relief. (Second Am. Pet., ¶¶ 4, 16, 21-23, 38).

## Standard of Review

A court shall render summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Ragas,* 136

F.3d at 458. A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson,* 477 U.S. at 248. When a court rules on a motion for summary judgment, the court must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Ragas,* 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Anderson,* 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence that shows the existence of a genuine issue of material fact. *Matsushita,* 475 U.S. at 586. Mere conclusory allegations are not sufficient to defeat a motion for summary judgment because they are not competent summary-judgment evidence. *Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment must identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Ragas,* 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak,* 953 F.2d at 915-16 & n. 7. "Only disputes over facts that might affect the outcome of the suit under the governing law will

4

properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

## **Deceptive Trade Practices Act ("DTPA")**

Plaintiffs allege that Defendants violated the DTPA. Defendants urge that Plaintiffs' DTPA claim fails because Plaintiffs are not consumers under the DTPA. Plaintiffs contend that because the law is unclear in Texas as to application of the TDCPA acts relating to foreclosing on real property, and because violations of the TDCPA also constitute deceptive trade practices under the DTPA, Defendants violated the DTPA. While the Texas Supreme Court has not addressed whether the act of foreclosure is a debt collection under the TDCPA, intermediate Texas appellate courts and federal district courts in the Fifth Circuit have held that acts relating to foreclosing on real property can violate the TDCPA. *See Rey v. Acosta*, 860 S.W.2d 654, 659 (Tex. App. 1993), no writ) (Wrongful acceleration of a real estate note . . . violates the Texas Debt Collect Practices Act and the Deceptive Trade Practices Act as a matter of law."); *Akintunji v. Chase Home finance, LLC*, No. H-11-389, 2011 WL 2470709, at *3 (S.D. Tex. June 20, 2011) ("Unlike the FDCPA, the TDCPA encompasses foreclosure activities by mortgage holders.")

Nevertheless, a plaintiff claiming a DTPA violation through a tie-in statute, such as the TDCPA, must still be a "consumer" under the DTPA. *Hicks v. Chase Home Finance LLC*, No. 3:09-CV-1652-G, 2010 WL 4274745, at *5 (N.D. Tex. Oct. 21, 2010) (citing *Hanberger v. EMG Mortg. Corp.*, No. 04-08-0438, 2009 WL 2264996, at *2 (Tex. App.–San Antonio 2009, pet. denied)). To recover under the DTPA, Plaintiff must show: (1) the plaintiff is a consumer; (2) the defendant can be sued under the DTPA; (3) the defendant violated a specific provision of the DTPA; and (4) the defendant's violation is a producing cause of the plaintiff's damages. TEX. BUS. & COM. CODE §§17.41–17.63; *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 649 (Tex. 1996). To qualify as a consumer, a plaintiff must (1) seek or acquire goods or services and (2) the goods or services purchased or leased must form the basis of the complaint. *Modelist v. Deutsche Bank Nat. Trust Co.*, No. H–05–1180, 2006 WL 2792196, *7 (S.D. Tex. 2006) (citing *Sherman Simon Enters., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 14 (Tex. 1987)). Whether a plaintiff is a consumer under the DTPA is a question of law. *Id.* (citing *Holland Mortgage & Inv. Corp. v. Bone,* 751 S.W.2d 515, 517 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.)).

In evaluating whether Plaintiffs are consumers, the Court must look to the object of the transaction. TEX. BUS. & COM. CODE § 17.45; *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 567 ( Tex. 1984). In *La Sara Grain Company,* the Texas Supreme Court held that a lender may be subject to a DTPA claim if the borrower's "objective" was the purchase or lease of a good or service. *La Sara Grain Co.,* 673 S.W.2d at 567. However, a person whose objective is merely to borrow money is not a consumer because the lending of

6

money does not involve either the purchase or lease of a good or service. *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 173 (Tex. 1980). In the present case, it is undisputed that Plaintiffs' claims arise out of a loan and do not involve the purchase or lease of either goods or services. Lending money does not constitute the acquisition of a good or service; accordingly, this court finds that Plaintiffs do not qualify as "consumers" under Section 17.45(4) of the Texas Business and Commerce Code and do not have standing under the DTPA. *Myers v. Bank of Am., N.A.*, 4:11-CV-457, 2012 WL 1107687 (E.D. Tex. Mar. 31, 2012).

Moreover, even if Plaintiffs had established themselves as consumers, they have failed to submit any competent summary judgment evidence that Defendants "engaged in false, misleading or deceptive acts" or that those acts "constituted a producing cause of [Plaintiffs'] damages." *Hurd v. BAC Home Loans Servicing, LP*, 2012 WL 1081994 at *13 (N.D. Tex. Mar. 12, 2012) (citing *Doe v. Boys Club of Greater Dallas, Inc*., 907 S.W.2d 472, 478 (Tex. 1995).

Plaintiffs have not shown that Defendants were prohibited by law from foreclosing and selling the Property, nor have they shown how Defendants used any threats or coercion. The TDCPA does not prohibit a debt collector from exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings. TEX. FIN. CODE § 392.301(b)(3). Plaintiffs have neither proved that they are a "consumer" with respect to the home loan, nor even addressed the required "false misleading or deceptive acts" or shown that such acts were a proximate cause of damages. Accordingly, Defendants are entitled to judgment as a matter of law on Plaintiffs' DTPA claim.

## **Wrongful Foreclosure**

Plaintiffs base their wrongful foreclosure claim on their claim that they did not receive notice of the foreclosure sale and upon their claim that Defendants were actively in process with Plaintiffs on a loan modification agreement at the time of the foreclosure sale.  Mr. Montoya's declaration and the supporting documents establish that the notices were sent, and Plaintiffs have presented no competent summary judgment evidence that disputes this fact.  A bald allegation of a factual dispute is insufficient to create a genuine issue of material fact.  *S.E.C. v. Recile*, 10 F.3d 1093, 1098 n.15 (5th Cir. 1993).  The Deed of Trust and Texas law require that the notices of foreclosure be sent, not received.  (Deed of Trust ¶ 15; TEX. PROP. CODE § 51.002 (e)).

With respect to the alleged loan modification, nothing in the Deed of Trust or other documents provides that a foreclosure is wrongful if it occurs while the borrowers are requesting a modification of their loan terms.  Although Plaintiffs make a last minute attempt to base their wrongful foreclosure claim on an alleged violation of the Home Affordable Modification Program ("HAMP") and/or the Home Affordable Foreclosure Alternatives Program ("HAFA"), Plaintiffs did not plead claims under these acts, and indeed a private right of action does not exist under the acts.  *See Strange v. Flagstar Bank, FSB*, 2012 WL 987484, at *2 (N.D. Tex. Mar. 22, 2012.)

Plaintiffs claim that they "talked to a consumer specialist and customer service representative for GMAC by the name of 'Dwayne' who told Plaintiffs that the modification process would stop the foreclosure."  Under Texas law, the statute of frauds applies to real estate

transactions. TEX. BUS. & COM. CODE § 26.01(b)(4). Under section 26.01(b)(4), an agreement for the sale of real property must be in writing in order to be enforceable. *Id.* Texas courts apply this provision to loan modifications to hold that an agreement that contemplates the modification and/or extension of a lien or mortgage must be in writing. *West v. First Baptist Church,* 71 S.W.2d 1090, 1100 (Tex. 1934); *Edward Scharf Assocs., Inc. v. Skiba,* 538 S.W.2d 501, 502 (Tex.App.-Waco 1979, no writ); *see also Ellen v. F.H. Partners, LLC,* No. 03–09–00310–CV, 2010 WL 4909973, at *5 (Tex. App.-Austin, 2010, no writ) (concluding that plaintiffs' claim, based on oral modification to a loan agreement and allegations that defendant told them it would not foreclose on the home until a later date, was barred by the statute of frauds). The statute of frauds bars Plaintiffs' claim regarding an alleged loan modification in this case. *See Salazar v. BAC Home Loans Servicing*, LP, 3:11-CV-1309-L, 2012 WL 995296 (N.D. Tex. Mar. 23, 2012).

Essential elements of a wrongful foreclosure under Texas law are a grossly inadequate selling price and a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mort. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008, no pet.). Plaintiffs have provided no competent summary judgment evidence that any defect in the foreclosure process directly caused a grossly inadequate sales price. Accordingly, the wrongful foreclosure claim fails.

### Breach of Contract

Plaintiffs contend that their failure to receive notice of the foreclosure sale constitutes a breach of contract. Section 51.002(d) of the Texas Property Code requires that notice of default

9

be sent by certified mail to debtor, giving debtor 20 days to cure. TEX. PROP. CODE § 51.002(d). Service of the notice is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address.  The Deed of Trust provides that any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Defendants have provided evidence to show that on June 2, 2010 they sent Plaintiffs a notice of default, and on July 26, 2010, they sent Plaintiffs a notice of intent to accelerate in accordance with Texas law and the provisions of the Deed of Trust.  Plaintiffs have failed to provide competent summary judgment evidence to prove otherwise.  The Court therefore finds that Defendants met the statutory requirements under TEX. PROP. CODE § 51.002(d) and the Deed of Trust and did not breach the contract.

Plaintiffs' claim that the foreclosure breached the contract because of a 2009 modification, or a modification in progress, fails because Plaintiffs do not have the required documentation to support their contentions.  Plaintiffs' claim that all payments were timely made on the loan to Defendants also fails because of the lack of competent summary judgment evidence to support the claim.

Plaintiffs raise for the first time in their response to the summary judgment a challenge to the assignment of the loan.  Even if the Court were to allow this purported amendment to Plaintiffs' claims in a brief, which it is not inclined to do, Plaintiffs have no standing to

10

challenge any assignments. *See Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011). Moreover, notice of assignments is not required. *See* TEX. PROP. CODE § 51.002.

### Equitable or Injunctive Relief

A request for equitable or injunctive relief must be premised upon the existence of a viable underlying legal claim. Plaintiffs' claims for legal relief have failed. Accordingly, the claims for equitable and injunctive relief fail as well. *See Olaoye v. Wells Fargo Bank, NA*, 4:11-CV-772-Y, 2012 WL 1082307 (N.D. Tex. Apr. 2, 2012) (citing *Excel Marketing Solutions, Inc. v. Direct Fin. Solutions, LLC*, No. 3:11–CV–0109–D, 2011 WL 1833022, at *4 (N.D. Tex. May 13, 2011) (Fitzwater, C.J.) ("Injunctive relief is an equitable remedy, not an independent cause of action." (citation omitted)); *Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F.Supp. 2d 555, 565 (N.D. Tex. 2009) (noting that the "Declaratory Judgment Act is remedial only"); *Juliff Gardens, L.L.C. v. Tex. Comm'n on Envtl. Quality*, 131 S.W.3d 271, 277 (Tex.App.-Austin 2004, no pet.) ("[A] declaratory judgment is not an independent cause of action, but a remedy for a cause of action already within the court's jurisdiction." (citation omitted)).

**Conclusion**

No genuine issue of material fact precludes summary judgment in favor of Defendants. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED**. All other pending motions (docs. 16, 23, 32, and 33) are denied as moot.

Signed this 31st day of May, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE